IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **NORMAN MICHAEL VEGA** | : | **CIVIL ACTION** |
| *Plaintiff,* | : | |
| | : | |
| **v.** | : | |
| | : | |
| **MICHAEL MULLEN et al.,** | : | **No. 16-4620** |
| *Defendant***s.** | : | |
| | : | |

PRATTER, J.                                                                              MARCH 15, 2017

## MEMORANDUM

### I.    INTRODUCTION

This case dramatizes—perhaps in a small, yet undeniably poignant way—the human price paid by parent and child alike when one of them is in prison.  It is hard to know whether to think first of educator Patty S. Hill who is credited with giving title to the song "Happy Birthday to You" in the 19th century or of Chapter 16 of Upton Sinclair's *The Jungle*, in which the unescapable nature of punishment of the family of a prisoner is exposed.  The Court is mindful of the principle *de minimis non curat lex*.[1]  But, as discussed below, a child's birthday card sent to an imprisoned father is no trifle, even though it may not suffice as a cause of action.

*Pro se* plaintiff Norman Vega, a prisoner incarcerated at the Berks County jail at all times relevant to this dispute, brings this action pursuant to 42 U.S.C. § 1983.  Mr. Vega alleges violations of his First, Fifth, and Fourteenth Amendment rights arising out of the alleged destruction of a birthday card mailed to Mr. Vega by his five-year-old daughter.  Mr. Vega has sued four employees of the Berks County jail system:  Warden Janine Quigley, Deputy Warden Jeffrey Smith, Lieutenant Booking Supervisor Jennifer Sharp, and Mailroom Supervisor Michael

---

[1]        Latin:  The law is not concerned with trifles.

1

Mullen.  Defendants moved to dismiss Mr. Vega's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the complaint fails to state a claim for which relief can be granted.  For the reasons that follow, notwithstanding being perplexed by the penological prohibition at the root of this case, the Court will grant Defendants' motion with an acknowledgement that Mr. Vega may endeavor to file an amended pleading that will prompt an inquiry to the panel of lawyers who may be available to handle prisoners' civil rights claims.

## II.   ALLEGATIONS IN THE COMPLAINT

Mr. Vega, while incarcerated at the Berks County jail, learned that his five-year-old daughter wanted to send him a birthday card containing a drawing made in colored pencil. Aware that the jail prohibited inmates from receiving drawings in crayon, Mr. Vega utilized the jail's internal correspondence system to inquire whether or not the prison would prohibit him from receiving a drawing in colored pencil.  Mr. Mullen, the jail's mailroom supervisor, responded to Mr. Vega that the jail would not accept letters containing colored pencil markings. Mr. Vega informed his family that he could not accept the card containing colored pencil markings.  Mr. Vega's family subsequently informed him that they would mail him a birthday card containing a drawing from his daughter made in pen and pencil only.

When Mr. Vega did not receive the birthday card, he inquired of the jail's mailroom whether or not the mailroom had received the birthday card he was expecting.  Mr. Mullen responded by providing Mr. Vega with an envelope with 20 pictures and a form stating that a letter had been destroyed because it had crayon markings.  Mr. Vega inquired why he was not given an opportunity to contest the destruction of the birthday card, to which Mr. Mullen replied, "I have explained this several times.  Confiscated items are destroyed.  You will not be called in advance for disposition of the item."  Compl. Ex. D (Doc. No. 5).  Mr. Vega then filled out an

Inmate Grievance Form contesting the destruction of the birthday card.  In response to Mr. Vega's grievance, Ms. Sharp replied that jail personnel had previously informed Mr. Vega what mail was acceptable, both via his prior inquiries and in the Inmate Handbook, and that jail personnel would "not call inmates down to the mailroom to look at contraband items when they have already been advised of what is acceptable."  Compl. Ex. E.  Mr. Vega appealed the denial of his grievance up the chain of command.  The jail authorities ultimately denied Mr. Vega's grievance.[2]

## III.   LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes testing the legal sufficiency of a complaint.  Although Federal Rule of Civil Procedure 8 requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations and internal quotation marks omitted) (alteration in original), the plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* (citation omitted).

To survive a motion to dismiss, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  Specifically, "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . ."  *Twombly*, 550 U.S. at 555 (citations omitted).  The question is not whether the claimant will ultimately prevail, but whether the

---

[2]     Nowhere in the materials presented to the Court to date in this case has there been any explanation as to the origin, purpose, or justification for this anti-color rule.  At this point, the rule itself has not been challenged, though in a future iteration of this dispute—should Mr. Vega attempt to file an amended pleading—it may well be that the prohibition will be a focus of a claim.

complaint is "sufficient to cross the federal court's threshold." *Skinner v. Switzer*, 562 U.S. 521, 529-30 (2011).

To decide a Rule 12(b)(6) motion to dismiss, the Court may look only to the facts alleged in the complaint and its attachments. *See Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). The Court may also consider documents that are "integral to or explicitly relied upon in the complaint . . . without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation omitted). The Court must accept as true all well-pleaded allegations in the complaint and view them in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). Likewise, the Court must accept as true all reasonable inferences that may be drawn from the allegations, and view those facts and inferences in the light most favorable to the non-moving party. *See Rocks v. City of Phila.*, 868 F.2d 644, 645 (3d Cir. 1989).

**IV.   DISCUSSION**

Mr. Vega invokes 42 U.S.C. § 1983 in order to bring his First, Fifth, and Fourteenth Amendment claims. Section 1983 affords individuals with a remedy when state actors violate their federally protected rights. *See Kopec v. Tate*, 361 F.3d 772, 775-76 (3d Cir. 2004). In order to articulate a cognizable § 1983 claim, a plaintiff must establish "that a person acting under color of law deprived him of a federal right." *Berg v. Cty. of Allegheny*, 219 F.3d 261, 268 (3d Cir. 2000). Prisoners, like all citizens, have a right to have federal courts determine whether or not a state actor violated their constitutional rights. *See Turner v. Safley*, 482 U.S. 78, 84 (1987). "Prison walls do not form a barrier separating prison inmates from the protections of the Constitution." *Id.* Courts, however, must review prisoners' constitutional claims in light of the

4

"policy of judicial restraint regarding prisoner complaints and . . . the need to protect constitutional rights."  *Id.* at 85 (citation omitted).  The policy of judicial restraint is premised upon the recognition that "[r]unning a prison is an inordinately difficult undertaking."  *Id.* at 84-85.  By the same token, we do well to recall the 17th century English poet Richard Lovelace's observation:  "Stone walls do not a prison make, Nor iron bars a cage."[3]

### A.    First Amendment Claim

While prisoners retain a First Amendment right to send and receive mail, this right is not unfettered.  *Thornburgh v. Abbott*, 490 U.S. 401, 407 (1989); *Turner*, 482 U.S. at 89; *Jones v. Brown*, 461 F.3d 353, 358 (3d Cir. 2006).  A prison can restrict its prisoners' First Amendment right to use of the mails for legitimate penological purposes.  *Thornburgh*, 490 U.S. at 413; *Turner*, 482 U.S. at 89; *Nasir v. Morgan*, 350 F.3d 366, 369 (3d Cir. 2003).  Despite the Court's foregoing comments of concern, under the governing law the destruction of a single piece of a prisoner's mail does not give rise to a First Amendment claim.  *Bieregu v. Reno*, 59 F.3d 1445, 1452 (3d Cir. 1995), *overruled on other grounds by Lewis v. Casey*, 518 U.S. 343 (1996); *see also Nixon v. Sec'y Pa. Dep't of Corr.*, 501 F. App'x 176, 178 (3d Cir. 2012).

Here, as observed in footnote 2, *supra*, Mr. Vega's complaint does not now attack the Berks County jail's policy of prohibiting drawings in crayon or colored pencils as unconstitutional.  Rather, Mr. Vega's First Amendment claim rests on a single incident—the alleged destruction of his birthday card.  This allegation does not, standing alone, support a First Amendment claim.  Accordingly, the Court determines that Mr. Vega has not stated a plausible First Amendment claim, even as the Court acknowledges the very human instinct of a parent seeking to enjoy all tangible indicia of a child's affection, an instinct that may well take on even greater power and significance from behind bars.

---

[3]    Richard Lovelace, "To Althea, from Prison," lines 25-26 (1642).

**B.      Fifth Amendment Claim**

The Court will construe Mr. Vega's Fifth Amendment claim as a claim that the Defendants violated his Fifth Amendment right to due process by destroying his birthday card without a pre-deprivation hearing.  The Fifth Amendment, in relevant part, provides that "no person shall . . . be deprived of life, liberty, or property, without due process of law."  U.S. Const. amend. V.  The Fifth Amendment's Due Process Clause restricts only the actions of the federal government.  *B&G Constr. Co. v. Dir., Office of Workers' Comp. Programs*, 662 F.3d 233, 246 n.14 (3d Cir. 2011); *Nguyen v. U.S. Catholic Conference*, 719 F.2d 52, 54 (3d Cir. 1983).  Mr. Vega has not alleged any action with respect to the federal government.  The Defendants, at all relevant times, are alleged to have been acting under color of state law.  Accordingly, the Court determines that Mr. Vega has not stated a plausible Fifth Amendment claim.

**C.      Fourteenth Amendment Claim**

The Fourteenth Amendment's Due Process Clause states that "[n]o State shall . . . deprive any person of life, liberty, or property, without due process of law."  U.S. Const. amend. XIV, § 1.  Mr. Vega asserts violations of his "substantial and procedural due process rights."  Compl. ¶ 23.  The Court will construe this claim as one for violations of Mr. Vega's procedural and *substantive* due process rights.

1.      Procedural Due Process

Mr. Vega alleges that the Defendants violated his procedural due process rights by determining that his birthday card was contraband and authorizing its destruction before affording him the opportunity to challenge Defendants' censorship of his incoming mail. Defendants argue that Mr. Vega's procedural due process claim fails because Mr. Vega (i) had

no property interest in the birthday card, and alternatively (ii) was afforded adequate post-deprivation remedies.

In order to state a viable procedural due process claim, a plaintiff must allege that (i) the State deprived him of a "life, liberty, or property" interest protected by the Fourteenth Amendment and (ii) the procedures available to contest the deprivation did not constitute "due process of law." *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006). A prison can tailor its prisoners' due process rights to accommodate the prison's legitimate security needs. *Monroe v. Beard*, 536 F.3d 198, 210 (3d Cir. 2008). So, while the State must ordinarily provide its citizens with a pre-deprivation hearing before taking an individual's property, *see Zinermon v. Burch*, 494 U.S. 113, 132 (1990), this is not necessarily true in the prison context. *See Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *Parratt v. Taylor*, 451 U.S. 527, 541 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986); *Monroe*, 536 F.3d at 210.

Post-deprivation remedies satisfy the due process clause where (i) the situation dictates that the State take immediate action, or (ii) it is impracticable to provide any meaningful pre-deprivation process. *Parratt*, 451 U.S. at 539; *Tillman v. Lebanon Cty. Corr. Fac.*, 221 F.3d 410, 421 (3d Cir. 2000). Accordingly, when a prison official takes a prisoner's property in a random and unauthorized way, whether negligently or intentionally, due process requires only adequate post-deprivation remedies because it would be impracticable for a prison to provide a hearing prior to an unauthorized act. *See Hudson*, 494 U.S. at 132 (intentional conduct); *Parratt*, 451 U.S. at 541 (negligent conduct). Relying on the principles set forth in *Parratt* and *Hudson*, the Third Circuit Court of Appeals has held that "prisons are constitutionally required to afford inmates only a post-deprivation remedy." *Monroe*, 536 F.3d at 210. In so holding, the *Monroe*

Court did not distinguish between unauthorized random acts and acts taken pursuant to authorized policies.

Construing Mr. Vega's *pro se* complaint liberally, and interpreting all facts in his favor for purposes of this motion, the Court will analyze Mr. Vega's procedural due process claim in light of two factual scenarios presented by the complaint. The first scenario, supported by attachments to the complaint that suggest Defendants destroyed the birthday card because it contained a prohibited color drawing, is that Defendants destroyed a piece of prohibited contraband that was mailed to Mr. Vega.[4] The second scenario, supported by Mr. Vega's allegation that the birthday card his family sent to him contained only a pen and pencil drawing, is that Defendants negligently or intentionally destroyed a piece of non-contraband that was mailed to Mr. Vega.

Under the first factual scenario, Mr. Vega's procedural due process claim fails because he cannot demonstrate that he had a protected property interest in the contraband. *See Miller v. Diguglielmo*, No. 07-2686, 2011 WL 382624, at *6 (E.D. Pa. Feb. 4, 2011) ("The Court agrees that if Plaintiff's ring were clearly contraband, Plaintiff would have no property right . . . ."); *Lowery v. Cuyler*, 521 F. Supp. 430, 432 (E.D. Pa. 1981) (explaining that prisoners do not have a property interest in items prison regulations prohibit the prisoner from possessing); *see also Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (finding prisoner had no property interest in a contraband money-order); *Lyon v. Farrier*, 730 F.2d 525, 527 (8th Cir. 1984) ("Because the property was contraband, [plaintiff] cannot seriously argue that he had a protected property interest in it."); *but see Monroe*, 536 F.3d at 209-10 (reaching the sufficiency of the procedures

---

[4]      The complaint supports the conclusion that Mr. Vega understood from the Inmate Handbook and subsequent clarification from Mr. Mullen that, for whatever reason, the prison prohibited colored markings in incoming mail, whether made by crayon or colored pencil.

provided to prisoners when prison confiscated Uniform Commercial Code materials the prison deemed contraband).

Even if Mr. Vega did have a protected property interest in the birthday card, Mr. Vega's procedural due process claim still would fail because Mr. Vega apparently had access to adequate post-deprivation remedies. As discussed above, constitutional due process requires only that prisons provide inmates with adequate post-deprivation remedies after depriving an inmate of his or her property. *See Monroe*, 536 F.3d at 210. Courts in this Circuit have repeatedly held that inmate grievance systems are an adequate post-deprivation remedy. *Tillman*, 221 F.3d at 422; *see also Mattis v. Dohman*, 260 F. App'x 458, 461 (3d Cir. 2008); *McEachin v. Beard*, 319 F. Supp. 2d 510, 514-15 (E.D. Pa. 2004). A prisoner's dissatisfaction with the outcome of the grievance procedure does not render the process itself inadequate. *Brooks v. DiGuglielmo*, No. 05-4588, 2008 WL 5187529, at *6 (E.D. Pa. Dec. 9, 2008). Furthermore, a prisoner's ability to file a state law tort action to seek relief for the alleged deprivation is also an adequate post-deprivation remedy. *Hawkins v. Coleman Hall, C.C.F.*, 453 F. App'x 208, 211 (3d Cir. 2011); *Mattis*, 260 F. App'x at 461; *Austin v. Lehman*, 893 F. Supp. 448, 454 (E.D. Pa. 1995). This conclusion, of course, presumes that the available procedures were not mere shams. Mr. Vega makes no such claim here.

Under the second factual scenario, premised on Mr. Vega's allegation that the birthday card contained no color markings, Mr. Vega's claim rests on the Defendants' negligent or intentional destruction of the allegedly non-contraband birthday card (in which Mr. Vega would have a protected property interest). Mr. Vega has not alleged that Defendants acted in accordance with a state-sanctioned policy authorizing the routine destruction of inmates' non-contraband letters. *Parratt* and *Hudson* make clear that under the circumstances presented by the

second factual scenario, when a prison official acts in an unauthorized manner, prisons must afford prisoners only post-deprivation remedies.  *Hudson*, 494 U.S. at 132; *Parratt*, 451 U.S. at 541.[5]  Here, Mr. Vega's complaint makes clear that he utilized the prison grievance system available to him.  In fact, not only did Mr. Vega utilize the Berks County jail inmate grievance system to contest the destruction of his property, but prior to that, Mr. Vega utilized prison correspondence forms to inquire whether or not the jail considered colored pencil drawings to be contraband.  Accordingly, Mr. Vega had prior notice of what supposedly constituted contraband and subsequently availed himself of the grievance system once his birthday card was treated as contraband.  His dissatisfaction with the outcome of his grievance does not render the process in and of itself inadequate.  *Brooks*, 2008 WL 5187529, at *6.  Furthermore, in addition to the inmate grievance system, Mr. Vega had the ability to initiate a state tort action pursuant to 42 Pa.C.S. § 8522(b)(3), which waives sovereign immunity for actions related to personal property "in the possession or control of Commonwealth parties, including . . . property of persons held by a Commonwealth agency . . . ."  42 Pa.C.S. § 8522(b)(3); *see also McEachin*, 319 F. Supp. 2d at 514.  Because Mr. Vega had access to adequate post-deprivation remedies, the Court concludes that Mr. Vega has not stated a plausible procedural due process claim.

### 2.   Substantive Due Process

In order to state a viable substantive due process claim, a plaintiff must establish that "the particular interest at issue is protected by the substantive due process clause and the government's deprivation of that protected interest shocks the conscience."  *Chainey v. Street*, 523 F.3d 200, 219 (3d Cir. 2008).  "Only the most egregious conduct" will meet the shocks the conscience standard.  *Id.*

---

[5]     Even if the Defendants acted pursuant to an authorized policy, *Monroe* suggests that a post-deprivation remedy is still all that is necessary to satisfy due process.  *Monroe*, 536 F.3d at 210.

Here, even assuming that Mr. Vega could establish that the Defendants' actions violated a fundamental right protected by the substantive due process clause, it is clear that the allegations in Mr. Vega's complaint do not involve conduct that "shocks the conscience" in the conventional sense. [6]  Mr. Vega alleges that Defendants destroyed his birthday card after determining that the card was contraband.  While Mr. Vega disputes that the card was contraband, his complaint as presently drawn does not appear to dispute that the Defendants determined that the card was contraband.  Depriving a prisoner of contraband, regardless of the accuracy of the prison official's determination, does not rise to the level of conscience shocking behavior.  Therefore, Mr. Vega has not stated a plausible substantive due process claim recognized by applicable law.

## V.   CONCLUSION

For the foregoing reasons, the Court is obliged to grant the Defendants' Motion to Dismiss.[7]

BY THE COURT:

S/Gene E.K. Pratter
GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[6]    Again, in reaching this legal conclusion, the Court by no means intends to belittle or disregard the very understandable emotional value to Mr. Vega of something such as his child's acknowledgment of his birthday.

[7]    The Court declines to exercise supplemental jurisdiction over any state law tort claims Mr. Vega may have intended to include in his complaint.